UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEVERIANO GARCIA-MERINO, et al., | Case No. 26-cv-1911 |
| Petitioners, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners Severiano Garcia-Merino and Valentin Vazquez Ocampo are Mexican citizens, ages 64 and 48 respectively, who entered the United States without inspection years ago. Dkt. 1-2 at 5, 11. Since then, they have worked, paid taxes, and in the case of Garcia-Merino, had children and grandchildren. Dkt. 13-1 ¶¶ 4–6. Other than Garcia-Merino's 2023 misdemeanor citation for having an "open container," neither has any criminal history. *Id*.; Dkt. 12-1 at 3; Dkt. 12-3 at 4. On May 7–8, 2026, Immigration and Customs Enforcement ("ICE") agents arrested both men in St. George, Utah and transported them to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where they remain detained. *Id*. Both Petitioners have been placed in removal proceedings. Dkt. 10 ¶ 5; Dkt. 11 ¶ 5.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On May 15,[1] Petitioners each had a separate bond hearing before an immigration judge ("IJ"). Dkt. 12-5; Dkt. 12-6. Petitioners were represented by counsel who submitted evidence on their behalf including letters of support from employers, family members, community members, and sponsors offering financial assistance. Dkt. 13-1 at ¶¶ 4–6. Counsel attended each hearing and has filed a declaration stating that each lasted about eight minutes and neither was recorded. *Id*. ¶ 9–10. Counsel also states that in both hearings, "the IJ's inquiry focused on a single issue: whether the respondents possessed fraudulent social security documents. . . . The IJ did not engage in any broader analysis of the evidence submitted." *Id*. ¶ 11. Counsel further states that in both hearings, the IJ did not "[a]ddress or discuss any of the *Matter of Guerra* factors" and did not "[s]tate any reasons for denying bond beyond checking a box on the form order indicating 'flight risk.'" *Id*. ¶ 12. Finally, counsel observes that the "two hearings were substantively identical despite the materially different circumstances of the two respondents . . . IJ Odell conducted the same cursory inquiry, focused on the same single issue, and reached the same conclusion in the same amount of time." *Id*. ¶ 14.

The IJ recorded his decisions on a form that allowed him to check various boxes indicating the basis of the decision. *See* Dkt. 12-5; Dkt. 12-6. For each Petitioner, the IJ denied bond and checked boxes indicating two bases for his decision: first, that he lacked jurisdiction because the Petitioner was mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and second, in the alternative, if jurisdiction existed, the IJ detained each Petitioner because he failed to show he was not a flight risk. *Id*. The form does not ask the IJ to supply reasons for the decision, and the IJ did not provide any. According to the declaration from Petitioner's counsel, which has not been challenged by Respondents, the IJ did not discuss or

---

[1] Respondents refer several times to the date of the bond hearing as March 15, but that is clearly a typographical error. *See* Dkt. 9 at 2–3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

question any of the evidence presented by petitioners and inquired about Petitioners' use of fake social security documents but did not state his reasons for denying bond. Dkt. 13-1 at ¶ 12. Petitioners did not appeal the bond denial to the Board of Immigration Appeals. Dkt. 16 ¶ 4.

On June 2, 2026, Petitioners filed this petition for a writ of habeas corpus. Dkt. 1. On June 17, Respondents filed a return to the habeas petition, arguing that bond was properly denied because Petitioners' detention is mandatory under 8 U.S.C. § 1225(b), and in the alternative, that the IJ had found each Petitioner to be a flight risk. Dkt. 9 at 5–6. On June 22, Petitioners filed a traverse, arguing that the alternative bond denials were an abuse of discretion and violated due process. Dkt. 13. On July 22, at the Court's request, Respondents filed supplemental briefing on the bond denials. Dkt. 15. The habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Petitioners Are Detained Under 8 U.S.C. § 1226(a)

As an initial matter, the Court addresses whether Petitioners are detained mandatorily under 8 U.S.C. § 1225(b)(2), as found by the IJ who presided over Petitioners' bond hearing and as argued by Respondents in their return, or under 8 U.S.C. § 1226(a), which allows an IJ to exercise discretion and release certain detainees pending immigration proceedings. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez,* 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners "seek enforcement of their rights as members of the Bond Denial Class certified" in *Rodriguez Vazquez*. Dkt. 1 ¶ 1. While Respondents "do not concede that *Rodriguez Vasquez* was correctly decided, [they] do not oppose Petitioners being considered members of the *Rodriguez Vazquez* Bond Denial class for purposes of this litigation." Dkt. 9 at 5. The Court agrees. It is undisputed that Petitioners entered the United States without inspection, were not apprehended upon arrival, and are not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336. Accordingly, the Court concludes that Petitioners are detained under 8 U.S.C. § 1226(a), and the IJ had jurisdiction to release them pending resolution of their underlying immigration proceedings.

**B.**     **Prudential exhaustion is not required.**

Ordinarily, before turning to federal court, a litigant must first pursue all options available through the appropriate administrative agency. *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Respondents argue that Petitioners have failed to exhaust their administrative remedies because they did not appeal their bond denial to the BIA, so the Court should deny their petition on prudential exhaustion grounds. Dkt. 9 at 6–7; Dkt. 15 at 2–3. Petitioners contend that the Court should waive any exhaustion requirement for several reasons, but most convincingly because exhaustion would be futile. Dkt. 13 at 9–11.

In a habeas proceeding, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To determine whether a petitioner must exhaust his administrative remedies, a court typically applies three factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id*. But even if these factors weigh in favor of exhaustion, several exceptions permit a court to waive the requirement: Exhaustion may be excused "where administrative remedies are inadequate or not efficacious, *pursuit of administrative remedies would be a futile gesture*, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981) (emphasis added); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." (citation modified)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

Here, the Court need not go through the exercise of applying the *Puga* factors because even if they weighed in favor of exhaustion, requiring Petitioners to appeal their bond denial to the BIA would unreasonably prolong their detention[2] and prove to be futile. Numerous federal courts have found that an appeal to the BIA of the jurisdictional issue that was the primary basis for denial of bond is futile because the BIA continues to adhere to *Matter of Hurtado*. *See, e.g.*, *Segura Serrano, v. Scott, et al.*, Case No. 2:26-CV-01268-LK, 2026 WL 1469639, at *3–4 (W.D. Wash. May 26, 2026); *see also Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1050 (D. Nev. 2025) (finding exhaustion futile because the BIA would uphold the petitioner's bond pursuant to *Hurtado*). And in cases before this Court where a Petitioner did appeal an alternative flight risk or dangerousness determination to the BIA, the agency declined to address that issue after upholding detention on the jurisdictional ground. *See, e.g.*, *Vazquez Garcia v. Scott*, No. 2:26-cv-01430-TMC, 2026 WL 1723674, at *2 (W.D. Wash. June 15, 2026).

In sum, considering the futility of any bond appeal to the BIA, "exhaustion is not required." *Vasquez-Rodriguez*, 7 F.4th at 896. The Court now turns to whether the IJ abused his discretion in denying bond to each petitioner.

### C.    The IJ abused his discretion by denying bond.

The Court's review of a bond determination by an IJ is limited. While factual questions are unreviewable, a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). While a court may not review underlying factual determinations such as "'credibility, the seriousness of a family member's

---

[2] As this Court observed in *Rodriguez Vazquez*: "In 2024 . . . data showed an average processing time of 204 days for [BIA] bond appeals." 802 F. Supp. 3d at 1307.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

medical condition, or the level of financial support a noncitizen currently provides,'" it may review mixed questions of law and fact, "even when [they] are primarily factual[.]" *Id*. at 782–84 (quoting *Wilkinson*, 601 U.S. at 225). Such determinations are reviewed for an abuse of discretion. *Martinez*, 124 F.4th at 784. Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines whether the immigration judge "applied the correct legal standard." *Id.* at 785.

Under BIA precedent, to determine whether a noncitizen is a danger to the community or a risk of flight, an IJ is supposed to weigh nine factors: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry to the United States. *Id*. at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

An IJ's application of the above standard "is malleable and involves agency discretion," but a federal court can still "assess whether an IJ correctly applied the [legal] standard to a given set of facts." *Id*. (quoting *Wilkinson*, 601 U.S. at 221); *see also Soriano v. Hernandez*, --- F. Supp. 3d ---, 2026 WL 969764, at *3 (W.D. Wash. Apr. 10, 2026) (finding jurisdiction to review IJ's bond denial based on flight risk finding). Accordingly, Petitioners' allegations in their habeas petition—that the IJ abused his discretion when he determined that each Petitioner was a

flight risk without any reasoning—presents a mixed question of fact and law that the Court has jurisdiction to review.

In the context of immigration appeals, the "BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law,' and 'when it fails to provide a reasoned explanation for its actions.'" *Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)). Similarly, the Court concludes that the IJ here abused his discretion by failing to apply the correct legal standard and failing to provide any reasoned explanation for his bond denial in the face of substantial evidence supporting each Petitioner's eligibility for bond.

As mentioned, each Petitioner presented ample evidence to the IJ that he is not a flight risk and that he has strong ties to the United States. *See* Dkt. 13-1 at ¶¶ 4–6. Each has had steady employment and close friends or family members in the Utah area. *See id.* Neither has any criminal history beyond a citation paid with a small fine, nor any history of attempts to flee. *See id.* The government apparently presented no evidence contesting these facts. But according to the unchallenged declaration of Petitioners' immigration counsel, the IJ made no mention at the hearing of the *Guerra* factors and gave no reasons for his decision to deny bond. *See id.* ¶ 12.

Under longstanding Ninth Circuit immigration precedent, the failure to provide any reasoned explanation is an abuse of discretion. *See Tadevosyan*, 743 F.3d at 1253. So is the failure to apply the correct legal standard. *See Martinez*, 124 F.4th at 785. The Court is aware that the practice in immigration court is to provide written reasons for a bond decision only upon appeal of that decision, *See* EOIR Policy Manual, Part II, Chapter 8.3(7), available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited July 8, 2026). But providing a written memorandum after the fact does not cure the fundamental legal error of failing to provide any reasons or apply the *Guerra* factors at the hearing itself. It cannot

be that a noncitizen facing years of detention may only learn the reasons for his incarceration if he chooses to appeal it to the BIA, particularly when that appeal will likely prove futile. It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for detaining him. In their supplemental brief, while Respondents maintain that the bond hearings were sufficient to comply with due process, they do not even attempt to defend the IJ's decision as a lawful exercise of his discretion. *See* Dkt. 15.

In sum, the Court concludes that IJ Odell abused his discretion by (1) failing to give any reasoned explanation for his decision and (2) failing to apply the *Guerra* factors at the hearings. Whether characterized as a violation of the INA or of due process, these failures render Petitioners' detention unlawful. *See Martinez*, 124 F.4th at 783 (describing the *Guerra* factors as the "statutory standard"); *Minango v. Bondi*, No. 2:26-CV-00235-ART-BNW, 2026 WL 1257028, at *4 (D. Nev. May 6, 2026) (finding a due process violation where the IJ "failed to apply the correct legal standard as required by due process"); *Gimenez v. Hernandez*, No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *6 (W.D. Wash. Apr. 29, 2026) ("Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations." (collecting cases)).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within ONE day of this Order, Respondents must release Petitioner Severiano Garcia-Merino from custody with reasonable conditions of supervision.

3.    Within ONE day of this Order, Respondents must release Petitioner Valentin Vazquez Ocampo from custody with reasonable conditions of supervision.

4.    Upon their release, Respondents must return to each Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5.    Respondents shall file a status report by July 27, 2026, confirming that Petitioners Severiano Garcia-Merino and Valentin Vazquez Ocampo have been released.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 24th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 10